113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Fawaz Nakoula DIB, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70524.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Before: FLETCHER, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fawaz Nakoula Dib, a native and citizen of Syria, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105(a)(a), and we grant the petition.
 
 
 3
 Dib contends that the BIA erred in concluding that he did not have a well-founded fear of future persecution on account of his religion. Specifically, Dib contends (1) that substantial evidence did not support the BIA's adverse credibility determination; and (2) that the BIA failed to consider evidence of specific threats and physical harm to him, as well as the beating and death of his father. We agree.
 
 
 4
 We review a factual determination of eligibility for asylum under the substantial evidence standard. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). We review the credibility findings of the BIA for substantial evidence. See Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir.1987) Where the BIA has incorporated the IJ's findings, we review the IJ's findings for substantial evidence. See id.
 
 
 5
 To be eligible for asylum, a petitioner must demonstrate that he has suffered past persecution, or has a well-founded fear of future persecution, on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of future persecution, a petitioner must show both a subjective fear of persecution and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). To satisfy the subjective component, a petitioner must credibly testify that he genuinely fears persecution. See id. The objective component requires "a showing by credible, direct and specific evidence of facts supporting a reasonable fear of persecution on account of one of the enumerated grounds." Id.
 
 
 6
 Here, Dib testified that he feared Muslim extremists would kill him because of his strong faith in Christianity and his and his father's activities as preachers. He stated that his father was an evangelical Christian preacher and had an evangelical school in the village where his family lived, that he himself had been a preacher in Damascus, and that it was known in the village that he would someday succeed his father as head of the school. He testified that he lived and worked in Damascus, but that he went home to his village frequently. He and his father received numerous written and face-to-face threats to stop preaching the gospel and providing humanitarian aid to Christians. One night, three armed Islamic fundamentalists broke into his family's home in the village and beat him and his father until they were unconscious. He went to Damascus immediately afterwards. His father died 40 days later, allegedly as a result of the beating. Dib went back to the village for the funeral where "big groups" threatened and harrassed him.
 
 
 7
 The BIA found that the IJ's adverse credibility determination was supported by the record and incorporated it into its decision.[1] We therefore review both the BIA's and the IJ's credibility findings. See Turcios, 821 F.2d at 1401. An IJ's credibility findings are given substantial deference by the reviewing court, but must be supported by specific, cogent reasons for the disbelief. See id. at 1399.
 
 
 8
 The IJ's statement of reasons for rejecting Dib's detailed testimony about the beatings and his father's subsequent death is inadequate. See Aguilera-Cota v. INS, 914 F.2d 1375, 1382-83 (9th Cir.1990) (holding that minor omission on application that is not contradicted by testimony is not legitimate ground for adverse credibility determination). Dib did not mention his father's death in his asylum application, but stated that he had "just escaped death" when he left Syria, and that his father had been mistreated. These statements are not contradictory to his testimony about the beatings. See Saballo-Cortez v. INS, 761 F.2d 1259, 1263-64 (9th Cir.1985) (affirming the BIA's credibility determination where there were numerous contradictions between application and testimony). Also, Dib's testimony that he lived in Damascus but went home to his village frequently is not inconsistent with his testimony that he went to Damascus immediately after the beating. See Damaize-Job v. INS, 787 F.2d 1332, 1338 (9th Cir.1986) (stating that a negative credibility finding is improper where there is no inherent improbability or inconsistency in the testimony). Similarly, there was no inconsistency between Dib's statement that he was born in 1961 and his testimony that he lived in Lebanon between 1961 and 1975. See id. at 1337-38 (holding that minor disrepencies about dates not related to persecution claim are not adequate basis for negative credibility finding). Further, Dib's testimony that he belonged to an evangelical Christian church was consistent with his statement on his application that he was a member of a Christian organization. See Aguilera-Cota, 914 F.2d at 1382. Also, contrary to the IJ's statement that Dib did not know who his attackers were, Dib identified them as Muslim fundamentalists. See Turcios, 821 F.2d at 1400. Accordingly, we conclude that substantial evidence did not support the BIA's adverse credibility finding. See Aguilera-Cota, 914 F.2d at 1382-83; Turcios, 821 F.2d at 1400; Damaize-Job, 787 F.2d at 1337-38.
 
 
 9
 Dib also contends that the BIA erred when it found that, even if Dib's testimony were taken as true, Dib had not been personally punished or threatened for a reason enumerated in the Act. This contention has merit because Dib specifically testified that he himself had been beaten unconscious by armed men and had received written and face-to face threats because he was a Christian. See Desir v. Ilchert, 840 F.2d 723, 727-28 (9th Cir.1988) (holding that arrests and physical attacks constituted persecution when supported by subjective and objective evidence); see also Bolanos-Hernandez v. INS, 767 F.2d 1277, 1284 (9th Cir.1985) (holding that it was error to fail to consider a specific threat to an individual). The BIA also failed to consider the connection between the beating and death of Dib's father and Dib's claim of persecution. See Arriaga-Barrientos v. INS, 937 F.2d 411, 414 (9th Cir.1991) (noting that acts of violence against family members that create a pattern of persecution tied to petitioner may establish a well-founded fear of persecution). The BIA also failed to consider whether Dib's fear of persecution based on these threats and beatings and the resultant death of his father was "on account of" his Christian faith. See Kotasz v. INS, 31 F.3d 847, 854-55 (9th Cir.1994) (holding it error for the BIA to reject member of ethnic group's claim for asylum on ground that petitioner was not "singled out" where petitioner was politically active, known to the government, and the subject of arrests, harrassment and beatings.) Accordingly, the BIA erred by failing to consider all the evidence that would support Dib's claim of a well-founded fear of persecution on account of his Christian faith. See id.; Arriaga-Barrientos, 937 F.2d at 414; Bolanos-Hernandez, 767 F.2d at 1284.
 
 
 10
 We find that substantial evidence does not support the IJ's credibility determination and therefore reverse the BIA's decision. We find Dib eligible for asylum and remand to the BIA to exercise its discretion and to make a determination as to withholding of deportation.
 
 
 11
 PETITION FOR REVIEW GRANTED. REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS DECISION.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The BIA also noted that petitioner did not raise the credibility issue with particularity on appeal. We need not reach that issue because petitioner, who was pro se on appeal to the BIA, sufficiently raised the credibility component in his brief on appeal to the BIA. See Aguillera-Cota v. INS, 914 F.2d 1375, 1382 n.8 (9th Cir.1990)